**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 30 2010

at 1 o'clock and 55 min. P M.
SUE BEITIA, CLERK

Anna Y. Park, CSB 162242
Michael J. Farrell, CSB 266553
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Gregory L. McClinton, CSB 153553
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
300 Ala Moana Boulevard, Room 7-127
Honolulu, HI 96850
Telephone: (808) 541-3123
Facsimile: (808) 541-3390
E-Mail: gregory.mcclinton@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ITT CORPORATION, d/b/a ITT and DOES 1-10, Inclusive,<br>Defendants. | Case No. CV10 00363 HG LEK<br><br>COMPLAINT - CIVIL RIGHTS / EMPLOYMENT DISCRIMINATION<br>   Sexual Harassment / Sexually Hostile Work Environment and Retaliation<br><br>(42 U.S.C. §§ 2000e, *et seq.*)<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices. The United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendant ITT Corporation, d/b/a ITT, and Does 1 - 10 ("Defendants") subjected Charging Party Melissa Pacheco ("Pacheco") to sexual harassment on the basis of sex, female, resulting in a hostile work environment. The Commission also alleges that Defendants retaliated against Pacheco, Charging Party Harvey Kauahi ("Kauahi"), and other similarly situated individuals for participating in the protected activities of complaining about, opposing or participating in the investigation of sexual harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Hawaii.

## PARTIES

4. Plaintiff, United States Equal Employment Opportunity Commission, is the federal agency charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendants have been continuously doing business on the Hawaiian Island of Kauai, State of Hawaii and in the jurisdiction of the United States District Court of Hawaii. At all relevant times, Defendants have continuously employed fifteen (15) or more persons.

6. At all relevant times, Defendants have continuously engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

7. Plaintiff is ignorant of the true names and capacities of Defendants sued as Does 1 through 10, inclusive. Therefore, Plaintiff sues said Defendants by such fictitious names. Plaintiff reserves the right to amend the complaint to name the Doe Defendants as they become known. Plaintiff alleges that each of the Defendants named as Doe Defendants was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when Plaintiff has ascertained the identity of the Doe Defendants.

8. It is further alleged on information and belief that the named and unnamed Defendants in this complaint are successor, agent, employee, indirect employer, alter ego, joint employer, and/or integrated enterprise of each other.

9. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as successor, agent, employee, indirect employer, alter egos, joint employer, and/or integrated enterprise or under the direction and control of the others, except as otherwise specifically alleged. The alleged acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the other Defendants' unlawful acts and omissions alleged in this complaint. Whenever and wherever reference

is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

## STATEMENT OF CLAIMS

10. More than thirty days prior to the filing of this lawsuit, Pacheco and Kauahi filed a charge with the Commission alleging that Defendants violated Title VII. The Commission investigated and issued a Letter of Determination. The Commission found that Defendants subjected Charging Party Pacheco to a hostile work environment on the basis of sex, female. The Commission also found that Defendants retaliated against Charging Parties Pacheco and Kauahi for participating in a protected activity, including complaining about, and/or opposing or participating in the investigation of sexual harassment.

11. Since at least on or about February 2006, Defendants have engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2. Defendants subjected Charging Party Pacheco to sexual harassment resulting in a sexually hostile work environment. The sexual harassment included, but was not limited to, sexually charged and/or suggestive speech and/or conduct such as subjecting Charging Party Pacheco to sexually explicit cable television programs and the defacing of her office portrait with sexually suggestive symbols. Also, Charging Party Pacheco was subjected to unwelcome sexual comments regarding sex paraphernalia and sex acts.

12. The effect of the practices complained as described above has been to deprive Charging Party Pacheco of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex, female.

13. Since at least July 2007, Defendants have engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a)(1) against Charging Parties and similarly situated individuals. When Charging Party Pacheco engaged in the protected activity of opposing or participating in the investigation of sexual harassment by complaining about the sexual harassment and/or Defendants' practices, policies, and procedures dealing with sexual harassment, Defendants retaliated against her. The retaliation included, but was not limited to, reassignment and retaliatory discipline.

14. Charging Party Kauahi, then union steward, assisted Charging Party Pacheco in her complaint against Defendants. On or about August 2007, Defendants retaliated against Charging Party Kauahi by transferring him in another shift in order to separate Kauahi and Pacheco so he could no longer assist her with her complaint or to be a witness to the Defendants continued harassment against Pacheco.

15. The effect of the practices complained about, as described above, has been to deprive Charging Parties Pacheco and Kauahi of equal employment opportunities and otherwise adversely affect their status as employees because they engaged in protected activities under Title VII.

16. The unlawful employment practices described in paragraphs 10 through 14 above were intentional.

17. As a direct and proximate result of the acts of Defendants, as described above, Charging Parties Pacheco and Kauahi have suffered pain and suffering, inconvenience, loss of enjoyment of life, humiliation and damages, all to be proven at trial.

18. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Charging Parties Pacheco and Kauahi.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendants, their respective officers, successors, assigns, agents, and all persons in active concert or participation with them, from engaging in any employment practices, including sexual harassment and a sexually hostile work environment, which discriminate on the basis of sex;

B.  Grant a permanent injunction enjoining Defendants, their respective officers, successors, assigns, agents, and all persons in active concert or participation with them, from retaliating against any employee who opposes discrimination or engages in any protected activity under Title VII;

C.  Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities, and which eradicate the effects of its past and present unlawful employment practices;

D.  Order Defendants to make whole Charging Parties Pacheco and Kauahi by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained as described above, including, but not limited to pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

E.  Order Defendants to pay Charging Parties Pacheco and Kauahi punitive damages for its malicious and /or reckless conduct as described above, in amounts to be determined at trial;

F.  Grant such further relief as the Court deems necessary and proper in the public interest; and

G.  Award the Commission its costs of this action.

///

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC 20507

Date: June 29, 2010

BY: _____
ANNA Y. PARK
Regional Attorney
U.S. Equal Employment Opportunity Commission
Los Angeles District Office

MICHAEL J. FARRELL
Supervisory Trial Attorney
U.S. Equal Employment Opportunity Commission
Los Angeles District Office

GREGORY L. McCLINTON
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
Honolulu Local Office